FILED
BILLINGS DIV.

2011 SEP 26 PM 2 08

PATRICK E. DUFFY, CLERK

_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cause No. CR 08-04-BLG-RFC |
| Plaintiff/Respondent, | ) | |
| vs. | ) | ORDER |
| JESSE LEE VARDARO, | ) | |
| Defendant/Movant. | ) | |

This matter comes before the Court on Defendant/Movant Jesse Vardaro's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. An evidentiary hearing is set for September 30, 2011. On September 22, 2011, the United States filed an unopposed motion for a protective order to enable it to obtain relevant written materials in trial counsel Lisa Bazant's possession and "a verbal explanation of her conduct." Mot. (doc. 135) at 2.

A protective order would have been imposed at the start of the hearing next Friday. Because the United States has filed its motion, the order will be imposed now, but with some explanation of its limitations. "It has long been the rule in the

ORDER / PAGE 1

federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he *waives* the attorney-client privilege as to *all* communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (emphases added). But, "[b]ecause a waiver is required so as to be fair to the opposing side, the rationale only supports a waiver broad enough to serve that purpose." *Id.* at 720.

In the past, this Court generally has not granted the United States an opportunity to meet privately with defense counsel to discuss allegations of ineffective assistance. Instead, counsel's deposition is generally authorized *sua sponte* under Rule 6 of the § 2255 Rules when a Scheduling Order is issued. Here, instead of a deposition, a hearing was set.[1] For the following reasons, the Court believes that either a deposition or a hearing are the appropriate venues for the United States to question trial counsel.

Under *Bittaker*, a defendant-movant's waiver is not merely a waiver of attorney-client privilege. It extends to work product. 331 F.3d at 722 n.6. It is not a hyper-technical waiver, that is, it does not reach only what a client says to counsel. Counsel's observations and concerns about a client's manner or sensitivities, for

---

[1] Either party, of course, could have moved to depose trial counsel in preparation for the hearing, but neither has done so.

example, might be crucial to her trial decisions and probative or even dispositive of an ineffective assistance claim. But they might also be readily exploited by a skilled prosecutor in a later proceeding. Consequently, the waiver effected by an allegation of ineffective assistance is simultaneously sweeping with respect to what can be discovered about the defendant and very narrow with respect to what can be used against the defendant. The waiver is effective *solely* for purposes of litigating the § 2255 motion. A protective order limits the scope of the waiver so that it is "no broader than needed to ensure the fairness of the proceedings." *Id.* at 720. Nothing protected by counsel's obligations of confidentiality may be used against the defendant in any other proceeding – federal, state, regulatory, whatever.

A protective order is important for trial counsel as well. She has an obligation to respond truthfully to the defendant's allegations, and she must be able to do so without risk to herself. Yet, under state law, a client who challenges an attorney's performance opens the door to counsel's disclosure of only some, not all, confidences. *Compare Petition of Gillham*, 704 P.2d 1019, 1020 (Mont. 1985) (stating that petitioner's allegations against his attorney open the door to "those portions of his revelations to his attorney that affect his claims in his petition"); Mont. R. Prof'l Conduct 1.6(b)(3) (authorizing attorney to disclose confidential information "to the extent the lawyer reasonably believes necessary" to respond to allegations

concerning representation), *with Bittaker*, 331 F.3d at 716 (ineffective assistance claim *waives* confidentiality as to *all* communications).[2] In federal court, because counsel's obligations of confidentiality *do not exist* for purposes of the § 2255 proceeding, the challenged attorney's only obligation is to answer the questions put to her. She has no obligation to consider the extent, the reasonableness, the necessity, or the relevance of questions and answers. In this case, therefore, Bazant is entitled to a protective order to ensure that all authorities with jurisdiction over her – federal, state, disciplinary, whatever – recognize her immunity from any form of liability predicated on her disclosure of confidential information in these proceedings in this Court, even if their rules governing her conduct in this situation differ from the rules in this Court. *Bittaker*, 331 F.3d at 725-27.

But it is not fair to suspend *all* of Bazant's duties of confidentiality to Vardaro, immunize her from any form of liability, relieve her of any obligation to consider the relevance of a question or the reasonably necessary extent of an answer, and then send her over to the prosecutor's office to give "a verbal explanation of her conduct." Defense counsel simply is not like other witnesses. Defense counsel cannot "dish"

---

[2] It is common practice in state court for defense counsel to submit an affidavit in response to ineffective assistance allegations in a petition for postconviction relief. In that situation, it is not clear what questions were asked of counsel or whether counsel confined his or her disclosure of confidences to the extent reasonably necessary to respond to the question. The State is, of course, free to adopt its own rules and craft its own practices. Rules and practices in this Court are different.

on the client, and the client is entitled to know that counsel is not doing that. I am not remotely impugning either Bazant's integrity or the United States' integrity; the integrity of the proceeding is the point. Vardaro is entitled to be present at any conversations between Bazant and the United States so that *he* can consider the relevance and reasonableness of questions and answers and so that *he* knows former counsel's relationship to him remains a professional one.

In addition, the Court is obligated to enforce its protective orders. *Bittaker*, 331 F.3d at 727-28. The easiest way to make the order enforceable is to put all questions and answers on the record. A record protects Vardaro, should any authority attempt to use Bazant's confidential information against him in the future. A record also protects the United States, should Vardaro attempt to claim in a future proceeding that confidential information disclosed in this proceeding is improperly being used against him.

The Court has an independent interest in the creation of a record of the proceedings. The defendant has an interest in a record and in being present for any conversations between the United States and trial counsel. Trial counsel has an interest in ensuring that her conduct is protected by the Court. The United States has an interest in preserving its ability to demonstrate that any evidence or information it or any other authority seeks to use against the defendant in the future did not come

from the § 2255 proceeding.

Therefore, the protective order will authorize only on-the-record question-and-answer between the United States and Bazant in the presence of Vardaro or his counsel. "A verbal explanation of her conduct" will take place only under those conditions, unless the United States shows that it cannot fairly be expected to meet Vardaro's allegations absent an opportunity to interview Bazant off the record and outside Vardaro's or his counsel's presence.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Lisa Bazant's duty of confidentiality to Vardaro is WAIVED for the sole purpose of formal, on-the-record proceedings in this case. There is no legal or ethical foundation for any disciplinary or tort complaint against Bazant for breaching the duty of confidentiality in these proceedings in compliance with this Order.

2. Bazant's file and any testimony by her are deemed confidential and may be used only by Vardaro and the United States Attorney's Office and only for purposes of formal proceedings on Vardaro's § 2255 motion. Disclosure of the file, testimony, and any information contained therein may not be made to any other person or agency without an Order from this Court.

3. This Order shall continue in effect after the conclusion of the § 2255

proceedings in this case.

4. The United States' motion for protective order (doc. 135) is GRANTED as to trial counsel's written materials, which must be provided to both parties, and DENIED as to "a verbal explanation of her conduct."

5. Either party may move under Rule 6 for authorization to depose Bazant before the hearing, but the hearing will not be continued.

DATED this 26th day of September, 2011.

Richard F. Cebull, Chief Judge
United States District Court